UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERNESTO ANTONIO MEJIA, | ) | 1:10-cv—00764-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE ACTION |
| | ) | WITHOUT PREJUDICE FOR |
| | ) | PETITIONER'S FAILURE TO PROSECUTE |
| v. | ) | |
| | ) | ORDER DIRECTING THE CLERK TO |
| JOHNNY WILLIAMS, JR., | ) | CLOSE THE CASE |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on May 13, 2010, and on behalf of Respondent on January 10, 2011. Pending before the Court is the petition, which was filed on April 22, 2010, and transferred to the Fresno Division of this Court on April 30,

1

2010.  Respondent filed an answer with supporting documentation on January 21, 2011.  Petitioner filed identical traverses, each styled as an informal reply, on February 14, 2011, and March 4, 2011.

I.  <u>Petitioner's Failure to Update His Address Information</u>

On April 4, 2012, the Court served on the parties an order directing Respondent to file supplemental briefing and permitting Petitioner to file a reply.  On April 18, 2012, the copy of the order that had been mailed to Petitioner was returned as "Undeliverable, RTS-Refused."  The docket does not reflect that Petitioner has filed an updated address since the mail was returned.

On June 21, 2012, the Court ordered Petitioner to show cause within ten days of service why the petition should not be dismissed for Petitioner's failure to update his address and to comply with Local Rule 183(b), which requires a party appearing in propria persona to keep the Court informed of his or her current address at all times.[1]  The order was served on Petitioner on the same date.

Subsequently, on July 5, 2012, the mail was returned as undeliverable because the addressee was not in custody.  The order was re-served on Petitioner on July 9, 2012, with a slight modification in Petitioner's address.  On July 25, 2012, the mail

---

[1] Local Rule 183(b) further provides in pertinent part:
> If mail directed to a plaintiff <u>in propria persona</u> by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

was returned as undeliverable because the addressee was no longer in custody.

It therefore appears that Petitioner delayed in giving the Court updated address information for well over sixty days.

II.   <u>Dismissal of the Petitioner for Lack of Prosecution</u>

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending since April 22, 2010.  The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his address.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

### III. Disposition

Accordingly, the action is DISMISSED without prejudice for Petitioner's failure to prosecute.

The Clerk is DIRECTED to close the case because this order terminates the action in is entirety.

IT IS SO ORDERED.

**Dated:   July 31, 2012**                              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE